# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **JONATHAN WOLFE, individually and on behalf of all others similarly situated** | § | **Docket No. 4:15-cv-01344** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **ANCHOR DRILLING FLUIDS USA, INC.** | § | |
| | § | **COLLECTIVE ACTION** |
| **Defendant.** | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| | § | |
| | § | |

## PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS & COLLECTIVE ACTION SETTLEMENT

*/s/ Michael A. Josephson*
Michael A. Josephson
Texas State Bar No. 24014780
Fed. Id. 27157
Andrew W. Dunlap
Texas State Bar No. 24078444
Fed. Id. 1093163
**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

*/s/ Richard Burch*
Richard J. (Rex) Burch
Fed. Id. 21615
Texas State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................iv-vii

I.       INTRODUCTION AND SUMMARY .................................................................. 1

II.      THE COURT'S ROLE IN THE APPROVAL PROCESS.......................................... 1-2

         A.      Settlement Approval Under Rule 23................................................... 1-2

         B.      Approval Of An FLSA Settlement ……………………………………………2

III.     THE PARTIES' PROPOSED SETTLEMENT SHOULD BE APPROVED ................................. 2-10

         A.      There Is No Evidence Of Fraud Or Collusion……………………………………3

         B.      The Likely Complexity, Length And Expense Of Continued
                 Litigation In The Absence Of A Settlement……………………………………3-4

         C.      The Case Is Advanced Enough, With Sufficient Discovery,
                 For An Informed Settlement……………………………………………………4-5

         D.      The Settlement Is Reasonable In Light Of The Risks Faced
                 By The Parties On The Merits……………………………………………………..5-7

                 1.      Plaintiff Faced Significant Risks On The Merits…………………………6

                 2.      Achieving Class Certification Is Never Easy…………………………..6-7

         E.      The Settlement Is Reasonable Given The Range Of
                 Possible Recovery and Certainty Of Damages…………………………………7-8

         F.      The Named Plaintiff's Enhancement Award Is Reasonable……………………8-9

         G.      The Requested Attorney's Fees And Costs Are Reasonable……………………9

         H.      The Proposed Notice Is Reasonable…………………………………………...9-10

IV.      PROVISIONAL CERTIFICATION OF THE CLASS IS APPROPRIATE. ...................................10-15

         A.      The Proposed Settlement Class Is Sufficiently Numerous ...........................10-11

         B.      The Commonality Requirement Is Met………………………………...………11-12

         C.      The Typicality Requirement Is Met.......................……………………………12

D.      The Adequacy Requirement Is Met ............................................................... 12-14

E.      Plaintiff Satisfies Rule 23(B)(3)'s Requirements ............................................ 14-15

V.    CONCLUSION ....................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

*Ahearn v. Fibreboard Corp.*,
162 F.R.D. 505 (E.D.Tex.1995) ................................................................................................ 5

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997) .............................................................................................. 10, 13, 14, 15

*Beckman v. KeyBank, N.A.*,
293 F.R.D. 467 (S.D.N.Y. 2013) ......................................................................................... 2, 4

*Belt v. EmCare, Inc.*,
444 F.3d 403 (5th Cir. 2006) ................................................................................................... 4

*Berger v. Compaq Computer Corp.*,
257 F.3d 475 (5th Cir. 2001) ................................................................................................. 12

*Burford v. Cargill, Inc.*,
CIV.A. 05-0283, 2012 WL 5472118 (W.D. La. Nov. 8, 2012) ............................................. 13

*Butler v. Am. Cable & Tel., LLC*,
09 CV 5336, 2011 WL 4729789 (N.D. Ill. Oct. 6, 2011) ............................................ 11, 12, 15

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ................................................................................................. 10

*Cotton v. Hinton*,
559 F.2d 1326 (5th Cir. 1977) ......................................................................................... 3, 5, 8

*Cuevas v. Citizens Fin. Grp., Inc.*,
526 F. App'x 19 (2d Cir. 2013) ............................................................................................... 7

*DeHoyos v. Allstate Corp.*,
240 F.R.D. 269 (W.D. Tex. 2007) ....................................................................................... 6, 7

*Duran v. U.S. Bank Nat. Assn.*,
59 Cal. 4th 1, 325 P.3d 916 (2014) ......................................................................................... 4

*Evans v. Jeff D.*,
475 U.S. 717, 106 S. Ct. 1531, 89 L. Ed. 2d 747 (1986) .......................................................... 1

*Frew v. Hawkins*,
3:93-CA-065 WWJ, 2007 WL 2667985 (E.D. Tex. Sept. 5, 2007) .......................................... 2

*Garza v. Sporting Goods Properties, Inc.*,
CIV. A. SA-93-CA-108, 1996 WL 56247 (W.D. Tex. Feb. 6, 1996) ........................................ 3

*Girault v. Supersol 661 Amsterdam, LLC,*
1:11 CIV 6835 PAE, 2012 WL 2458172 (S.D.N.Y. June 28, 2012) ........................................ 14

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ........................................................................................ 14, 15

*Horton v. Goose Creek Indep. Sch. Dist.*,
690 F.2d 470 (5th Cir. 1982) ................................................................................................ 13

*In re Corrugated Container Antitrust Litig.*,
659 F.2d 1322 (5th Cir. 1981) ................................................................................................ 5

*In re Deepwater Horizon*,
739 F.3d 790(5th Cir. 2014) ................................................................................................... 2

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
851 F. Supp. 2d 1040 (S.D. Tex. 2012) .............................................................................. 7, 8

*In re OCA, Inc. Sec. & Derivative Litig.*,
72 Fed. R. Serv. 3d 1060 (E.D. La. 2009) ............................................................................. 3

*In re Reliant Energy ERISA Litig.*,
CIV.A. H-02-2051, 2005 WL 2000707 (S.D. Tex. Aug. 18, 2005) ...................................... 13

*In re Shell Oil Refinery*,
155 F.R.D. 552 (E.D. La. 1993) .............................................................................................. 3

*In re: Scientific Drilling Int'l, Inc., Fair Labor Standards Act (FLSA) Litig.*,
MDL 2536, 2014 WL 2547079 (J.P.M.L. June 4, 2014) ...................................................... 11

*Jenkins v. Raymark Indus., Inc.*,
782 F.2d 468 (5th Cir. 1986) ................................................................................................ 12

*Karvaly v. eBay, Inc.*,
245 F.R.D. 71, 89 (E.D.N.Y. 2007)…………………………………………………………13

*Klein v. O'Neal, Inc.*,
705 F. Supp. 2d 632 (N.D. Tex. 2010) ................................................................................... 8

*Klier v. Elf Atochem N. Am., Inc.*,
658 F.3d 468 (5th Cir. 2011) .................................................................................................. 1

*Kurgan v. Chiro One Wellness Centers LLC*,
10-CV-1899, 2014 WL 642092 (N.D. Ill. Feb. 19, 2014) ................................................ ….11, 12

*Lynn's Food Stores, Inc. v. United States,*
679 F.2d 1350 (11th Cir.1982) ...................................................................... 2

*Macktal v. Sec'y of Labor,*
923 F.2d 1150 (5th Cir. 1991) ...................................................................... 2

*Maher v. Zapata Corp.,*
714 F.2d 436 (5th Cir. 1983) ...................................................................... 7

*McClain v. Lufkin Ind., Inc.,*
No. 9:97CV63, 2009 WL 5814124 at *4 (E.D. Tex. Dec. 22, 2009).............................9

*McNamara v. Bre-X Minerals Ltd.,*
214 F.R.D. 424 (E.D. Tex. 2002)................................................................... 3

*Morris v. Affinity Health Plan, Inc.*
859 F. Supp. 2d 611, 615 (S.D. N.Y.  May 8, 2012) ................................................ 12

*Mullen v. Treasure Chest Casino, LLC,*
186 F.3d 620 (5th Cir. 1999) ...................................................................... 11

*Newby v. Enron Corp.,*
394 F.3d 296 (5th Cir. 2004) ...................................................................... 3

*Newman v. Stein,*
464 F.2d 689 (2d Cir. 1972)........................................................................ 7

*Phillips Petroleum Co. v. Shutts,*
472 U.S. 797 (1985).................................................................................. 9

*Reed v. Gen. Motors Corp.,*
703 F.2d 170 (5th Cir. 1983) ...................................................................... 1-5

*Roussell v. Brinker Int'l, Inc.,*
441 F. App'x 222 (5th Cir. 2011)................................................................... 4

*San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio,*
188 F.R.D. 433 (W.D. Tex. 1999) ................................................................. 7

*Stirman v. Exxon Corp.,*
280 F.3d 554 (5th Cir. 2002) ...................................................................... 12

*Stott v. Capital Fin. Servs., Inc.,*
277 F.R.D. 316 (N.D. Tex. 2011) ................................................................. 7

*Swigart v. Fifth Third Bank,*
1:11-CV-88, 2014 WL 3447947 (S.D. Ohio July 11, 2014)........................................................ 4

*Turner v. Murphy Oil USA, Inc.,*
472 F. Supp. 2d 830 (E.D. La. 2007) ...................................................................................... 3, 7

*Vela v. City of Houston*,
276 F.3d 659 (5th Cir. 2001) ..................................................................................................... 9

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) .............................................................................. 11

## STATUTES

29 U.S.C. § 216(b) …………………………………………………………………………………1, 9

Fed. R. Civ. P. 23…………………………………………………………………………………10

Fed. R. Civ. P. 23(a)(1)……………………………………………………………………………10

Fed. R. Civ. P. 23(a)(3)……………………………………………………………………………12

Fed. R. Civ. P. 23(e)…………………………………………………………………………....1

1.     **INTRODUCTION AND SUMMARY**

Plaintiff filed suit against Anchor Drilling Fluids USA, Inc. ("Anchor") alleging that current and former salaried Drilling Fluids Engineers ("DFEs") ("Putative Class Members") were misclassified as exempt employees and denied overtime pay in violation of the Fair Labor Standards Act ("FLSA") and the analogous state wage and hour laws of Pennsylvania, New Mexico, New York, Ohio, Oklahoma, and Colorado.

After months of litigation, including the formal and informal exchange of information, and an all day mediation, the parties now seek preliminary approval of their proposed Confidential Stipulation and Settlement Agreement ("Settlement"). *See* Exhibit A.   This Settlement resolves all current and potential litigation concerning the proper classification of the Putative Class Members. The proposed Settlement is fair, reasonable, and should be preliminarily approved and presented to the proposed Putative Class Members.  *See* Declaration of Michael A. Josephson attached as Exhibit B.

Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(e), Plaintiff requests that the Court (a) grant preliminary approval of the terms of the settlement, including the proposed attorneys' fees and costs; (b) certify each of the proposed settlement classes; (c) approve the proposed notice plan; (d) set the deadline for filing objections to the settlement; and (e) schedule a final approval hearing, all as more specifically described below.

2.     **THE COURT'S ROLE IN THE APPROVAL PROCESS**

    A.     **S**ETTLEMENT **A**PPROVAL **U**NDER **R**ULE 23

"Rule 23 … wisely requires court approval of the terms of any settlement of a class action, but the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed." *Evans v. Jeff D*., 475 U.S. 717, 726 (1986); *Klier v. Elf Atochem N. Am., Inc.,* 658 F.3d

468, 475 (5th Cir. 2011).  Thus, this Court has an important, though limited role, in the approval of "a proposed settlement in a class action."  *Frew v. Hawkins*, 3:93-CA-065 WWJ, 2007 WL 2667985, at *2 (E.D. Tex. Sept. 5, 2007).  In reviewing a proposed settlement, a court "can either approve the … settlement as it was written, obtain the consent of the other two parties to a modified settlement, or reject the settlement."  *Macktal v. Sec'y of Labor*, 923 F.2d 1150, 1155 (5th Cir. 1991).  It "cannot take the negotiated settlement, strike terms [it] does not like, and then impose it on the parties."  *Id.*

### B.    APPROVAL OF AN FLSA SETTLEMENT

"Because, under the FLSA, parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date, FLSA collective actions do not implicate the same due process concerns as Rule 23 actions."  *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013).   "Accordingly, the standard for approval of an FLSA settlement is lower than for a class action under Rule 23."  *Id.*   "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes."  *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).  Where the settlement occurs in the context of a lawsuit, courts typically regard this "adversarial nature … to be an adequate indicator of the fairness of the settlement."  *Id.*; *Lynn's Food Stores, Inc.*, 679 F.2d at 1353–54.  "If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved." *Id.*

## 3.    THE PARTIES' PROPOSED SETTLEMENT SHOULD BE APPROVED

Courts recognize – "particularly in class action suits" – that there is an "overriding public interest in favor of settlement[.]"  *In re Deepwater Horizon*, 739 F.3d 790, 807 (5th Cir. 2014) cert. denied, 135 S. Ct. 754 (U.S. 2014).  "The gravamen of an approvable proposed settlement is that it be 'fair, adequate, and reasonable and is not the product of collusion between the parties.'"

*Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).  At the first stage of the approval process, the Court need only "determine that the proposed settlement [1] appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible judicial approval."  *In re Shell Oil Refinery*, 155 F.R.D. 552, 555 (E.D. La. 1993) (punctuation and citations omitted).  If these standards are met, "the Court directs that notice pursuant to Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement." *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 426 (E.D. Tex. 2002).  The Settlement readily meets the standards for preliminary approval.

### A.   THERE IS NO EVIDENCE OF FRAUD OR COLLUSION

"A strong presumption exists in favor of settlement if the district court determines that the settlement resulted from arms-length negotiations between experienced counsel and was not tainted by fraud or collusion."  *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 844 (E.D. La. 2007).  In determining whether there is evidence of fraud or collusion, courts often begin by considering whether the parties are represented by experienced counsel.  *See Garza v. Sporting Goods Properties, Inc.*, CIV. A. SA-93-CA-108, 1996 WL 56247, at \*12 (W.D. Tex. Feb. 6, 1996).  The Court should also consider the parties' representations of arm's length negotiations, particularly when they took place before an experienced mediator.  *In re OCA, Inc. Sec. & Derivative Litig.*, 72 Fed. R. Serv. 3d 1060 (E.D. La. 2009).

### B.   THE LIKELY COMPLEXITY, LENGTH AND EXPENSE OF CONTINUED LITIGATION IN THE ABSENCE OF A SETTLEMENT

"Wage-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Swigart v. Fifth Third Bank*, 1:11-CV-88, 2014 WL 3447947, *7 (S.D. Ohio July 11, 2014) (citing *Beckman*, 293 F.R.D. at 479–80)). "This is particularly true here, where Plaintiffs alleged overtime claims under the FLSA, and under [Pennsylania, New Mexico, New York, Ohio, Oklahoma, and Colorado] state laws" governing the payment of overtime. *Id*. "Resolving the procedural issues, the merits, and damages [is] risky, costly, and time consuming." *Id*.

There are well-known examples of wage and hour cases lasting more than a decade. *See, e.g., Duran v. U.S. Bank Nat. Assn*., 59 Cal. 4th 1, 50, 325 P.3d 916, 946 (2014) (reversing certification following bench trial ruling in favor of a class of plaintiffs and stating "a new trial will be required for both liability and restitution, and the trial court may entertain a new class certification motion"). Indeed, Plaintiff's counsel have been involved in several wages cases that took years to resolve, even after successful determinations – such as a jury verdict in favor of the plaintiffs - on the merits. *See, e.g., Roussell v. Brinker Intern, Inc.*, 441 F. App'x 222, 225  (5th Cir. 2011)(more than 6 years of litigation, including more than 2 ½ years of litigation after a jury verdict in plaintiffs' favor); *Belt v. EmCare, Inc.*, 444 F.3d 403, 406 (5th Cir. 2006)(nearly 2 years of litigation after summary judgment rendered in favor of plaintiffs).  Of course, this Court also has first-hand knowledge of just how difficult and unpredictable wage and hour litigation can be.

### C.   THE CASE IS ADVANCED ENOUGH, WITH SUFFICIENT DISCOVERY, FOR AN INFORMED SETTLEMENT

The extent of discovery needed in order for the parties to have sufficient information to make an informed and reasoned evaluation of the settlement and for the Court to be able to determine the fairness and adequacy of the compromise is left to the discretion of the Court.  *See*

*Cotton*, 559 F.2d at 1332-3.  "Sufficiency of information does not depend on the amount of formal discovery that has been taken because other sources of information may be available to show the settlement may be approved even when little or no formal discovery has been completed."[1]  *Id.*  Further, the Court can consider any information available to the parties from prior or related proceedings.  *See Ahearn v. Fibreboard Corp.*, 162 F.R.D. 505, 528 (E.D.Tex.1995) (class counsel was "thoroughly familiar" with the type of litigation at issue).

Plaintiff's counsel represented numerous class members, had access to other witnesses, and access to a substantial amount of Anchor's corporate policy information.  Moreover, Anchor provided comprehensive payroll information for the class members, allowing for a detailed assessment of the potential damages.  Further, these workers worked reasonably consistent schedules.  Thus, the parties were able to accurately account for the potential overtime hours worked in negotiating a settlement.  Given Plaintiff had complete payroll records for the class members, the applicable employment and payment policies, as well as access to numerous workers employed/paid under those policies, there is no doubt that Plaintiff had sufficient information to reach a settlement in this wage-and-hour case.

### D.  THE SETTLEMENT IS REASONABLE IN LIGHT OF THE RISKS FACED BY THE PARTIES ON THE MERITS

A district court "must not try the case in the settlement hearings because the very purpose of the compromise is to avoid the delay and expense of such a trial."  *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) (internal quotation marks and alteration omitted).  This factor favors approval of the settlement when the class's likelihood of success on the merits is questionable.  *See In re Corrugated Container Antitrust Litig.*, 659 F.2d 1322, 1326 (5th Cir. 1981) (affirming district court's finding that this factor favored approving the settlement when

---

[1]  "It is too often forgotten that a conference with or telephone call to opposing counsel may often achieve the results sought by formal discovery."  *Cotton*, 559 F.2d at 1332.

the class faced major obstacles in establishing proof of liability and damages).  As set forth below, Plaintiff faced substantial risks on both the merits of their claims and with respect to class certification.

### 1. *Plaintiff Faced Significant Risks on the Merits.*

In this case, Anchor alleged it was not liable to Plaintiff or the Putative Class Members because the Putative Class Members were properly classified as exempt.  In particular, Anchor alleged that these workers possess and utilize a highly specialized set of skills that allowed them to work with little to no control exerted by Anchor.  Anchor maintained the class members had extensive knowledge of the detailed fluid practices and procedures, and exercised discretion and judgment on a daily basis.

The risks presented by this defense are not insubstantial, particularly in cases involving skilled, highly paid, workers.  Accordingly, Anchor's allegation that the class members were not entitled to either overtime pay was not without potential merit.  Further, Anchor alleged that even if Plaintiff himself prevailed, he faced considerable risk that a substantial number of putative class members will be found to be subject to the administrative or even the highly compensated exemption.

Lastly, even if the classification of these workers was proven incorrect, the class still faced risks, including the risk that Anchor simply acted in a manner consistent with industry standards.

### 2. *Achieving Class Certification Is Never Easy.*

Plaintiff would have faced significant challenges in obtaining (and maintaining) class certification.  To begin, this case involves not only the FLSA but also various substantive state wage and hour laws.  *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 290 (W.D. Tex. 2007) ("Because the laws of numerous states may be relevant to individual class member claims,

plaintiffs would apparently face a further significant challenge to certifying the class outside the settlement context."). Courts in this Circuit and District deny conditional and class certification in many wage cases. Even the Second Circuit (historically considered hospitable to wage and hour class actions) has issued problematic decisions. *See, e.g., Cuevas v. Citizens Fin. Grp., Inc.*, 526 F. App'x 19, 20 (2d Cir. 2013) (unpublished) (reversing certification of wage and hour class action). Indeed, many collective actions that are certified initially are later decertified. *See*, Schneider & Stine, Wage And Hour Law: Compliance & Practice, § 20:19.50 (courts "frequently" decertify collective actions). Thus, while Plaintiff certainly believes class certification was appropriate, Plaintiff concedes he would have faced a "significant challenge to certifying the class outside the settlement context." *DeHoyos*, 240 F.R.D. at 290.

### E.   THE SETTLEMENT IS REASONABLE GIVEN THE RANGE OF POSSIBLE RECOVERY AND CERTAINTY OF DAMAGES

"In any case there is a range of reasonableness with respect to a settlement - a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Turner*, 472 F. Supp. 2d at 849 (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). "In assessing the potential range of recovery, the Court takes into account the risks involved in the litigation and the potential costs involved, and ultimately considers whether the settlement amount is fair and reasonable and falls within a reasonable range of recovery." *Stott v. Capital Fin. Servs., Inc.*, 277 F.R.D. 316, 345 (N.D. Tex. 2011). This does not require the Court to consider "an express estimate of the range of possible monetary recovery should plaintiffs prevail at trial." *Maher v. Zapata Corp.*, 714 F.2d 436, 460 (5th Cir. 1983); *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 460 (W.D. Tex. 1999). This is particularly true where, as here, "estimating the range of possible recovery … is difficult." *In re Heartland*

*Payment Sys., Inc. Customer Data Sec. Breach Litig.,* 851 F. Supp. 2d 1040, 1067 (S.D. Tex. 2012).

Further, courts recognize that parties "give and take to achieve settlements[,]" with neither ending "up with exactly the remedy they would have asked the Court to enter absent the settlement." *Klein v. O'Neal, Inc*., 705 F. Supp. 2d 632, 656 (N.D. Tex. 2010). In other words, an assessment of the range of possible recovery is based on the realities of litigation at issue. *Cotton*, 559 F.2d at 1330 (a "trial court should not make a proponent of a proposed settlement 'justify each term of settlement against a hypothetical or speculative measure of what concessions might have been gained; inherent in compromise is a yielding of absolutes and an abandoning of highest hopes'"). And as the discussion of the risks faced by the Plaintiff demonstrates, "the lower band of the … Plaintiff's range of recovery is zero: a nationwide [collective action] or multi[ple] state class[es] perhaps could not be certified under Rule 23, or a judge or jury could conclude that [Defendant] was not liable." *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d at 1067.

All that said, there can be no question that this Settlement represents fair value for the workers. Numerous DFEs will receive back wages and penalty damages under federal and state law without the risk or expense of trial. The Settlement in this case further allows an Enhancement Award to Jon Wolfe for his dedication to this case. Thus, the Settlement's monetary terms don't just have the potential to be favorable to the Class, the Settlement ensures all Putative Class Members will be able to recover what they are owed. *Id*.

## F. THE NAMED PLAINTIFF'S ENHANCEMENT AWARD IS REASONABLE

The proposed Enhancement Award is intended to recognize the named Plaintiff's initiative and efforts on behalf of the Class Members, and his execution of a general release (as opposed to the limited releases executed by the remainder of the Class Members). Plaintiff's

important contribution to the Settlement is well noted.  He put his name on the lawsuit, and provided information helpful to the case.  The modest amount of the requested payment is eminently reasonable.  Courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incur during class action litigation. *McClain v. Lufkin Ind., Inc.,* No. 9:97CV63, 2009 WL 5814124 at \*4 (E.D. Tex. Dec. 22, 2009); *see also* Manual for Complex Litigation (4th Ed.) § 30.42 (West Group 2001).  Plaintiff therefore submits that the Enhancement Award set forth in the Settlement should be approved.

### G.    THE REQUESTED ATTORNEY'S FEES AND COSTS ARE REASONABLE

Plaintiff and the Putative Class Members are entitled to recover their attorney's fees and costs for their claims for overtime pay. *See, e.g.,* 29 U.S.C. § 216(b).  Plaintiff's counsel believes that the Settlement's provision concerning attorney's fees is fair and reasonable, as they are only seeking attorney's fees of at most forty percent of the Maximum Settlement Amount and reimbursement for expenses/costs.  Anchor does not to oppose these requests.  As many courts have noted, the "customary contingency" for this type of litigation is "35 to 40 percent."  *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001).  Thus, Plaintiff's counsel's request for a contingency fee is reasonable and appropriate—particularly in light of the substantial recovery made for the Class Members.

### H.    THE PROPOSED NOTICE IS REASONABLE

To protect the rights of absent class members, the court must provide the best notice practicable to class members of a potential class action settlement.  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).  The primary purpose of procedural due process is to provide affected parties with the right to be heard at a meaningful time and in a meaningful manner.  It does not guarantee any particular procedure, but rather requires only notice reasonably calculated to apprise interested parties of the pendency of the action affecting their

interests and an opportunity to present their objections.  *Id*.  A class action settlement notice "is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *Churchill Vill., L.L.C. v. Gen. Elec*., 361 F.3d 566, 575 (9th Cir. 2004).

Preliminary approval of the settlement will enable notice to go out to the Class Members in a manner best calculated to ensure that they are alerted to the terms of the settlement.  The parties' proposed notice – which will be sent by a qualified Claims Administrator via first class mail - provides the Putative Class Members with adequate notice of their rights under the Settlement, including information on their estimated share and how to claim it.  *See* Settlement at Exhibit 1-A (Form 1(A)-Form 1(C).  Moreover, the Claim Form is a simple short form that permits Class Members to claim their money quickly and easily. *Id*.

## 4.   PROVISIONAL CERTIFICATION OF THE CLASS IS APPROPRIATE

Courts are authorized to adjudicate class-wide claims based on a common course of conduct.  The Supreme Court approved the use of settlement classes in appropriate cases. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).  A district court faced with a settlement-only class need not inquire whether the class would present intractable problems with trial management, but the other requirements for certification must still be satisfied.  *Id*. at 620. Thus, any request for preliminary approval of a class settlement should address why certification would be appropriate, albeit within the context of a settlement.[2]  Each of the requisites for class certification are satisfied here. Fed. R. Civ. P. 23.

### A.   THE PROPOSED SETTLEMENT CLASS IS SUFFICIENTLY NUMEROUS

The numerosity requirement is met if the class is so large that joinder of all members would be impractical.  Fed. R. Civ. P. 23(a)(1).  In determining whether a plaintiff has satisfied

---

[2]  Anchor does not agree that class certification would be appropriate absent a settlement.

the numerosity requirement, a court may consider factors including the size of the class, geographical dispersion, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624-25 (5th Cir. 1999) (40 class members raises a presumption of numerosity).

In this case, the class encompasses more than 500 Class Members who reside in multiple states. Given these facts, the numerosity requirement is met as joinder of all of these workers as parties would be impracticable. *Mullen*, 186 F.3d at 624-25.

### B.    THE COMMONALITY REQUIREMENT IS MET

Rule 23(a)(2) requires questions of law and fact to be common to the class. "[F]or purposes of Rule 23(a)(2) even a single common question will do." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556, 180 L. Ed. 2d 374 (2011). Common questions exist where the "failure to pay overtime … resulted from a uniform, official, corporate policy of treating [the category of worker at issue] as exempt." *Kurgan v. Chiro One Wellness Centers LLC*, 10-CV-1899, 2014 WL 642092, at *6 (N.D. Ill. Feb. 19, 2014); *In re: Scientific Drilling Int'l, Inc.*, Fair Labor Standards Act (FLSA) Litig., MDL 2536, 2014 WL 2547079, at *1 (J.P.M.L. June 4, 2014) (finding two actions "unquestionably share factual questions arising out of allegations that defendant has failed to pay certain employees overtime compensation in violation of the [FLSA] and [state] wage and hour laws"). For example, "common questions of law and fact among the class members [can] include whether Defendants improperly classified [the Class M]embers … [as] Independent Contractors[s.]" *Butler v. Am. Cable & Tel., LLC*, 09 CV 5336, 2011 WL 4729789, at *5 (N.D. Ill. Oct. 6, 2011).

Because the primary questions of law and fact central to Plaintiff's claims includes whether Anchor's classification of the Putative Class Members as exempt violated the requirements of the FLSA and analagous state laws, and whether the Class Members are entitled

to unpaid wages under the federal and state wage law, the questions necessarily raise common questions of law and fact common to all the class members.  *Butler*, 2011 WL 4729789, at *5; *Kurgan*, 2014 WL 642092, at *6; *see also*, *Morris v. Affinity Health Plan, Inc.,* 859 F. Supp. 2d 611, 615–16 (S.D. N.Y. May 8, 2012)(commonality satisfied where, among other allegations, plaintiffs claimed that defendant had a policy of not paying all class members overtime pay).  Thus, for settlement purposes, the proposed class members share sufficient commonality to satisfy Rule 23(a)(2).

### C. THE TYPICALITY REQUIREMENT IS MET

To satisfy the typicality requirement of Rule 23(a), the proposed class representatives must show their claims "are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  The analysis focuses on whether the named representative's claims are typical, not whether the representative is.  *See Stirman v. Exxon Corp*., 280 F.3d 554, 562 (5th Cir. 2002).  The analysis is "less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of the legal and remedial theories behind their claims."  *Jenkins v. Raymark Indus., Inc*., 782 F.2d 468, 472 (5th Cir. 1986).

Plaintiff meets the typicality requirement here (at least for settlement purposes) because he, like the other Putative Class Members, was not paid overtime because of Anchor's allegedly illegal policy of classifying him as exempt.  *Butler*, 2011 WL 4729789, at *6.  Plaintiff's legal claims here are typical of those of the class as a whole because they apply the same legal theory to the same policies and practices.

### D. THE ADEQUACY REQUIREMENT IS MET

"Rule 23(a)'s adequacy requirement encompasses class representatives, their counsel, and the relationship between the two."  *Berger v. Compaq Computer Corp*., 257 F.3d 475, 480 (5th Cir. 2001).  With respect to the class representatives, courts consider the "[1] the zeal and

competence of the representatives' counsel and ... [2] the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Id.* (citing *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 484 (5th Cir. 1982)). "Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." *In re Reliant Energy ERISA Litig.*, C.A. H-02-2051, 2005 WL 2000707, at *3 (S.D. Tex. Aug. 18, 2005). Class counsel must demonstrate that they are "qualified, competent, and possess the requisite experience to protect the interests of the entire class." *Burford v. Cargill, Inc.*, CIV.A. 05-0283, 2012 WL 5472118, at *2 (W.D. La. Nov. 8, 2012).

Here, Plaintiff "possess the same interest and suffer[ed] the same injury as the class members." *Amchem Products, Inc.,* 521 U.S. at 625-26 (internal quotation marks omitted). Thus, Plaintiff had the same interests, and asserted the same type of injury, as the members he seeks to represent. *Id.* Also, Plaintiff has shown himself to be an adequate representative of the class, as he has devoted time and effort in prosecuting the class claims including: (1) assisting counsel with investigating the case; (2) contacting potential witnesses and securing their cooperation with Class Counsel; and (3) assisting with settlement negotiations. Plaintiff has also demonstrated commitment to the Class Members. Plaintiff did not, for example, agree to an overly broad release of claims. *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 89 (E.D.N.Y. 2007) ("[t]he general release proposed by the parties in this case raises … concerns about fairness and adequacy of representation"). Rather, the release is limited to wage-and-hour claims (and claims reasonably related thereto). Plaintiff adequately represented the class by securing a fair and reasonable settlement.

13

As noted above, Plaintiff is represented by counsel with significant experience in handling large scale wage and hour litigation. Indeed, a number of courts have noted that these firms "are experienced and well-qualified employment lawyers and class action lawyers and have particular expertise in prosecuting and settling wage and hour class actions[.]" *See, e.g.*, *Girault v. Supersol 661 Amsterdam, LLC*, 1:11 CIV 6835 PAE, 2012 WL 2458172, at *2 (S.D.N.Y. June 28, 2012). Further, the parties respectfully submit that the size of the settlement, on an aggregate and individual basis, demonstrates that Class Counsel have done well for the Putative Class Members.

### E.      PLAINTIFF SATISFIES RULE 23(B)(3)'S REQUIREMENTS

"[Rule 23(b)(3)] encompasses those cases in which a class action would achieve economies of time, effort and expense and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Notes of Advisory Committee on Rules, 1966 Amendment. Class actions may be certified where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means of adjudicating the controversy. The predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication. *Amchem Products*, Inc., 521 U.S. at 623. The court must rest its examination on the legal or factual questions of the individual class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).

Here, the alleged misclassification affected all DFEs working for Anchor. In particular, Plaintiff alleges Anchor paid all Putative Class Members according to the same payment plan, and denied all of them overtime based on a determination that Putative Class Members were exempt and, therefore, outside the coverage of the FLSA and the analagous state laws. Thus, while there may be some variation between individual class member's claims, i.e., such as the

14

actual amount of damages, common questions of law and fact predominate (at least for settlement purposes). *Butler*, 2011 WL 4729789, at *7 (finding similar allegations presented common questions that predominated).

The court must also consider if a class action is superior to individual suits. *Amchem Products, Inc.,* 521 U.S. at 615. The superiority requirement involves a "comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon*, 150 F.3d at 1023. Here, as in *Hanlon*, the alternative methods of resolution are individual claims for relatively small amount of damages. These claims would "prove uneconomic for potential plaintiffs" because "litigation costs would dwarf potential recovery." *Id.* at 1023. The class action device could also conserve judicial resources by avoiding the waste and delay of repetitive proceedings and prevent inconsistent adjudications of similar issues and claims. Litigation costs would surely surpass the average recovery for each class member. For these reasons, as in *Hanlon*, a class action is the preferred method of resolution.

Class certification (for settlement purposes) in this case will provide substantial benefits to the litigants and the Court. The alternative to class certification here is filing hundreds of individual cases. Individual cases would waste judicial resources and could lead to inconsistent adjudications of similar issues and claims. Many of the workers with relatively small claims would likely decide not to bother pursuing their claims at all. Aside from class treatment, a group-wide adjudication of Anchor's allegedly unlawful conduct is not available. Rather than having a multiplicity of proceedings, all involving substantially the same issues and evidence, a class action allows these matters to be resolved once on behalf of all claimants.

**5.   <u>CONCLUSION</u>**

For these reasons, the proposed Settlement should be approved and the proposed class should be certified.

Respectfully submitted,

By:    */s/ Michael A. Josephson*
        Michael A. Josephson
        Texas State Bar No. 24014780
        Fed. Id. 27157
        Andrew W. Dunlap
        Texas State Bar No. 24078444
        Fed. Id. 1093163
        **FIBICH, LEEBRON, COPELAND,**
        **BRIGGS & JOSEPHSON**
        1150 Bissonnet St.
        Houston, Texas 77005
        Tel: (713) 751-0025
        Fax: (713) 751-0030
        mjosephson@fibichlaw.com
        adunlap@fibichlaw.com

        **AND**

        Richard J. (Rex) Burch
        Fed. Id. 21615
        Texas State Bar No. 24001807
        **BRUCKNER BURCH, P.L.L.C.**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        Tel: (713) 877-8788
        Fax: (713) 877-8065
        rburch@brucknerburch.com

        **ATTORNEYS IN CHARGE FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

For the purposes of settlement only, Anchor does not oppose the relief sought in the motion. Anchor, however, reserves the right to challenge all allegations contained in the motion, including, but not limited to, those related to the appropriateness of class certification, should the Settlement not be finally approved by the Court.

*/s/ Michael A. Josephson*
Michael A. Josephson

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties.

*/s/ Michael A. Josephson*
Michael A. Josephson

17